**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-6859**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

MAURICE TAFT GIBSON, a/k/a Mo,

        Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Bluefield. David A. Faber, Senior District Judge. (1:05-cr-00126-1; 1:11-cv-00024)

Submitted: August 19, 2021                   Decided: August 24, 2021

Before GREGORY, Chief Judge, FLOYD, and RUSHING, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Maurice Taft Gibson, Appellant Pro Se. Negar M. Kordestani, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Maurice Taft Gibson seeks to appeal the district court's order denying his Fed. R. Civ. P. 60(b) motion for relief from the court's prior order denying relief on his 28 U.S.C. § 2255 motion. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong. *See Buck v. Davis*, 137 S. Ct. 759, 773-74 (2017). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the motion states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

We have independently reviewed the record and conclude that Gibson has not made the requisite showing. The claim Gibson raised in his Rule 60 motion challenged the validity of his sentence, and, thus, the motion should have been construed as a successive § 2255 motion. *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005); *United States v. McRae*, 793 F.3d 392, 397-99 (4th Cir. 2015). Absent prefiling authorization from this court, the district court lacked jurisdiction to entertain Gibson's successive § 2255 motion. *See* 28 U.S.C. §§ 2244(b)(3), 2255(h). Accordingly, we deny Gibson's motion for a certificate of appealability and dismiss the appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*